JOHN WALSH and another *v.* FRANÇOIS MAZERAT and another.

APPEAL from the Commercial Court of New Orleans, *Watts*, J.

MARTIN, J. The defendant, Mazerat, was engaged by his co-defendant, Le Goaster, to build four houses, and the plaintiffs, workmen employed by Mazerat, instituted this suit for the price of their labor, and took an order of provisional seizure against Le Goaster to obtain a sum which they allege to be due by him to his co-defendant; and Le Goaster is appellant from a judgment against him. He had engaged to make four equal payments, the third of which was to be effected when the joiners' work should be completed, and the last on the delivery and acceptance of the houses. Mazerat engaged to make this delivery on the 15th of September, 1839, and in case this was not then done, to pay rent at the rate of sixty dollars per month for each of the houses. There is no dispute as to the amount of the plaintiffs' claim against Mazerat; but they contend that the third payment was made by anticipation, and that Le Goaster has no right to deduct from the last, the rent which he claims in consequence of the delivery of the houses not having been made on the day stated in the contract. The judge below disallowed the claim in regard to the third payment, and allowed that which relates to the last. The third payment was made to Mazerat on the 27th of December, 1839. It is urged that the joiners' work was not then com-

pleted, and that Le Goaster employed Fortier to complete it, and paid him therefor $200 on the 15th of February, and $217 on the 26th, in the whole $417. The order of provisional seizure against Le Goaster was not issued until the 28th of the same month. It is, therefore, clear that if the four hundred and seventeen dollars which remained due by Le Goaster, notwithstanding the receipt he had taken from Mazerat for the third payment, had been seized before the payments made to Fortier in February, the plaintiffs would have been' entitled to that sum; but the joiners' work having been completed, and full payments made therefor before the order of provisional seizure was issued, Le Goaster was under no obligation to delay the completion of the payment to afford the plaintiffs an opportunity to seize. It appears that the last payment was effected by a deduction of $369 42 by Le Goaster, from what was due to Mazerat, on account of the rent which he engaged to pay for the delay in delivering the houses after the 15th of September. All parties agree that, as to Le Goaster and Mazerat the allowance was correctly made; but the plaintiffs contend that it was otherwise as to them, and so the judge below thought. Mazerat was to pay the rent on the delivery of the houses ; his obligation to pay it, and his right to receive the last payment, arose simultaneously, unless we conclude that the rent was payable on the 15th day of each month after September, which would not be a forced construction. It is difficult for us to see any difference between the obligation of Le Goaster to make the last payment, coupled with that of Mazerat to pay the rent on a given day, and the obligation of the former to make the third payment *minus* the rent.

It is therefore ordered, that the judgment of the Commercial Court be reversed as far as it relates to the appellant, Le Goaster, and that ours be for him, with costs in both courts.

*Benjamin,* for the plaintiff.

*C. Janin,* for the appellant.